Sadler v. Letourneau, No. 757-04 CnC  (Norton, J., Nov. 5, 2004)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT
Chittenden County, ss.:

KELLY O. SADLER, EXECUTRIX
OF THE ESTATE OF RAMONA S. O'SULLIVAN

v.

KAITLIN LETOURNEAU

ENTRY

The plaintiff Kelly Sadler has moved this court to order the exclusion of other witnesses from the deposition of the defendant Kaitlin Letourneau. Ms. Sadler also requests a protective order preventing Ms. Letourneau's parents from attending this deposition. The court grants both motions.

This case concerns an automobile accident in which Ms. Letourneau, then 18, struck Ramona O'Sullivan. Ms. Sadler, as executrix of Ms. O'Sullivan's estate, has sued for negligence. When Ms. Sadler attempted to depose Ms. Letourneau on September 20, 2004, Ms. Letourneau's parents arrived at the deposition. Ms. Sadler objected to the presence of the parents, and Ms. Letourneau refused to continue without their presence. Ms. Sadler canceled the deposition and brought this motion, claiming that the parents are potential witnesses and they should not be influenced by Ms. Letourneau's deposition testimony.

Rule 30(c) of the Vermont Rules of Civil Procedure provides that examination of witnesses in a deposition "may proceed as permitted at the trial under the provisions of

the Vermont Rules of Evidence." Rule 615 of the Vermont Rules of Evidence states that "[a]t the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses."

Rule 615 is applicable to depositions by the express wording of Rule 30(c). The parents here could certainly be called as witnesses in this case, depending on how the facts regarding the accident develop. Therefore, they must be excluded under Rule 615 upon Ms. Sadler's request.

With respect to the protective order motion, Rule 26(c) of the Vermont Rules of Civil Procedure states that the court may, upon motion of either party, issue "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Subsection (5) states that such an order may include one "that discovery be conducted with no one present except persons designated by the judge." In federal courts, orders under Rule 26(c)(5) frequently occur to avoid dangers of witness collusion. See 8 C. Wright et al., Federal Practice and Procedure § 2041, at 540–41 (1994).

Here, given the danger of Ms. Letourneau's parents being influenced by their daughter's testimony, issuing a protective order to prevent the parents from attending Ms. Letourneau's deposition is appropriate. Moreover, to ensure a fair and just discovery process, Ms. Letourneau's parents must not review any form of recording or transcript of Ms. Letourneau's deposition testimony until they are fully deposed in this case, as well, or until the matter is concluded.

ORDER

For the foregoing reasons, Ms. Sadler's motion is GRANTED. No witnesses shall be present at the deposition of Ms. Letourneau in this case. Furthermore, the court orders Ms. Letourneau's parents to avoid Ms. Letourneau's deposition and to avoid reviewing any form of recording or transcript of this deposition until they are fully deposed in this case, as well, or until the case is concluded.


Dated at Burlington, Vermont, Nov 5, 2004.

_____/s/_____
Judge